| | |
|---|---|
| STATE OF MAINE<br>Cumberland, ss. | SUPERIOR COURT<br>Location: Portland<br>Docket No. CV-17 |
| **JENNIFER MORRELL**<br>　　　Plaintiff<br><br>v.<br><br>**MIDLAND FUNDING LLC &<br>LAW OFFICES HOWARD LEE<br>SCHIFF, P.C.**<br>　　　Defendants | **COMPLAINT** |

### INTRODUCTION

　　This action is brought pursuant to the following statutes: Maine's Fair Debt Collection Practices Act (32 M.R.S. § 11001 et seq.), the federal Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq.), and Maine's Unfair Trade Practices Act (5 M.R.S. § 207), Jennifer Morrell is seeking damages, costs, and reasonable attorney's fees against Defendants because Defendants have violated the Fair Debt Collection Practices Act and engaged in deceptive and unfair trade practices.

### JURISDICTION

　　Jurisdiction is properly before this Court pursuant to 4 M.R.S. § 105, 15 U.S.C. § 1692K(d), 5 M.R.S. § 213(1). Venue is appropriate by virtue of 4 M.R.S. § 114 because the cause of action arose in the County of Cumberland and Plaintiff resides in the County of Cumberland.

## PARTIES

1. Plaintiff Jennifer Morrell, formerly known as Jennifer Wells, is a consumer who resides at 1 Forest Avenue #2, Town of Windham, County of Cumberland, State of Maine.

2. Defendant Midland Funding, LLC is doing business as 8875 Aero Drive, Suite 200, San Diego, California and is a company registered in the State of Maine. Midland Funding LLC allegedly purchased an account opened and used by Ms. Morrell. Midland Funding, LLC is a debt collector as the term is defined by 15 U.S.C. § 1692a(6) and 32 M.R.S. § 11002(6).

3. Upon information and belief, the registered agent of Defendant Midland Funding LLC is Corporation Service Company, 45 Memorial Circle, Augusta, Maine 04330.

4. Defendant Law Offices Howard Lee Schiff, P.C. is a law firm doing business at 1321 Washington Avenue, Portland, Maine 04103. The Law Offices of Howard Lee Schiff represents Midland Funding LLC in legal matters in Maine and in the action against Ms. Morrell. Law Offices Howard Lee Schiff, P.C. is a debt collector as the term is defined by 15 U.S.C. § 1692a(6) and 32 M.R.S. § 11002(6).

5. Upon information and belief, the registered agent of Defendant Law Offices Howard Lee Schiff is CT Corporation System, 128 State Street #3, Augusta, Maine 04330.

## FACTS

6. On or about July 2, 2013 Defendants served Plaintiff with a small claims action.

7. At that time Plaintiff Jennifer Morrell was known as Jennifer Wells.

8. In the statement of claim, Defendants alleged that Plaintiff was indebted to Credit One Bank, N.A. for an unpaid balance of $879.60 related to a credit card, and that Defendant had purchased this debt from Credit One Bank, N.A. *See* Exhibit A.

9. A hearing was held in this matter on August 15, 2013 and a judgment was granted in favor of Plaintiff Jennifer Morrell. *See* Exhibit B.

10. Pine Tree Legal Assistance represented Plaintiff in this action.

11. Law Offices Howard Lee Schiff represented Defendant Midland Funding in this action.

12. On or about June 6, 2016 Defendants served Plaintiff with a Notice of Disclosure Hearing which claimed Defendant had obtained a small claims judgment against Plaintiff in the amount of $879.60 plus costs. *See* Exhibit C.

13. The disclosure hearing was continued to August 18, 2016 and Plaintiff did not appear at that hearing.

14. On or about August 25, 2016, Defendants filed a Motion and Affidavit for Order to Withhold and Deliver. In its affidavit, Crystal Tarjick, attorney for Law Offices Howard Lee Schiff, asserted that Plaintiff owned Midland Funding $879.60 plus interest of $181.17 plus costs of $166.40 for a total of $1227.17 plus future costs. *See* Exhibit D.

15. On or about September 22, 2016 Defendants caused an Order to Withhold and Deliver to be served on Plaintiff's employer.

16. After being contacted by Plaintiff's counsel, Defendant sent a letter to Plaintiff's employer releasing the garnishment order.

17. All of Defendants' actions as described above were not the result of bona fide errors.

18. Plaintiff has suffered damage as a result of Defendants' actions in this case, including pain and suffering and emotional distress.

## CLAIMS FOR RELIEF

## COUNT I

### (Maine Fair debt Collections Act)

19. Plaintiff repeats and realleges Paragraphs 1 through 18 as if fully set forth herein.

20. Defendants' actions violated Title 32 M.R.S. § 11001 et seq.

21. Specifically, Defendants have misrepresented the character, amount and legal status of the debt in violation of 32 M.R.S. § 11013(2)(B) in that Defendants asserted that Midland had a judgment against Plaintiff and was entitled to collect post-judgment interest and costs and garnish her wages when in fact the court ruled in Plaintiff's favor.

22. Defendants have falsely represented the status of the debt to collect a debt from Plaintiff in violation of 32 M.R.S. § 11013(2)(J).

23. Defendants have attempted to collect on a debt that is no longer collectible under the law in violation of 32 M.R.S. § 11013(3)(A).

24. Defendants threatened to take legal action that may not legally be taken in violation of 32 M.R.S. § 11013(2)(E).

25. Defendants sought not just to collect the original amount sought in the small claims action but additional amounts in violation of 32 M.R.S. § 11013(3)(A).

26. Because of Defendants' violation of the Maine Fair Debt Collections Act, Plaintiff has suffered damages and the Plaintiff requests that this Court order the Defendants to

pay for the damages suffered by the Plaintiff as result of the Defendants' actions, as well as for her costs and reasonable attorney's fees in bringing this action.

## COUNT II

### (Federal Fair Debt Collection Practices Act)

27. Plaintiff repeats and realleges Paragraphs 1 through 26 as if fully set forth herein.

28. Defendants' actions violated Title 15 U.S.C. § 1692 et seq.

29. Specifically, Defendants have misrepresented the character, amount, and legal status of the debt in violation of 15 U.S.C. § 1692e(2)(A) in that Defendants told Plaintiff there was a judgment against her, including post-judgment interest and costs and attempted to garnish her wages when the court had ruled in Plaintiff's favor on Defendants' claim.

30. Defendants have falsely represented the status of the debt to collection information from Plaintiff in violation of 15 U.S.C. § 1692e(10).

31. Defendants have attempted to collect on a debt that is no longer collectible under the law in violation of 15 U.S.C. § 1692f(1).

32. Because of Defendants' violations of the federal Fair Debt Collection Practices Act, the Plaintiff has suffered damages and the Plaintiff requests that this Court order the Defendants to pay for the damages suffered by the Plaintiff as a result of the Defendants' actions, as well as for her costs and reasonable attorney's fees in bringing this action.

## COUNT III

### (Unfair Trade Practices Act)

33. Plaintiff repeats and realleges Paragraph 1 through 32 as if fully set forth herein.

5

34. Defendants' actions as described herein violated Title 5 M.R.S. § 207.

35. 5 M.R.S. § 207 makes any unfair or deceptive trade practice illegal.

36. It is unfair and deceptive for the Defendants to assert it had a judgment against Plaintiff and attempt to collect on a debt which the Defendants could not legally force Plaintiff to pay. Defendants know that a Maine court had ruled in Plaintiff's favor on its claim against her yet they represented to Plaintiff and to the Maine Court that it had obtained judgment in its favor.

37. Because of Defendants' unfair trade practices, the Plaintiff has suffered damages and the Plaintiff requests that this Court order the Defendants to pay for the damages suffered by the Plaintiff as a result of Defendants' actions as well as for her costs and reasonable attorney's fees in bringing this action.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Honorable Court find for Ms. Morrell and award the following relief:

A. Find that the Defendants' actions have violated the Maine Fair Debt Collection Practices Act.

B. Find that the Defendants' actions have violated the Federal Fair Debt collection Practices Act.

C. Find that the Defendants' actions constituted an Unfair Trade Practice.

D. Find Defendants' actions unlawful under 32 M.R.S. § 11001 et seq, 15 U.S.C. § 1692 et seq., and 5 M.R.S. § 207.

E. Order Defendants to pay Plaintiff's damages suffered as a result of Defendants' actions.

F. Order Defendants to pay Plaintiff's costs and reasonable attorney's fees in bringing this action; and

G. Grant any and all relief this Court deems just and proper.

Respectfully submitted,

Date: 5/26/17

Katherine McGovern
Bar No. 9163
Frank D'Alessandro
Bar No. 3243
Pine Tree Legal Assistance, Inc.
P.O. Box 547
Portland, ME 04112
(207) 400-3216